[No. B038479. Second Dist., Div. Five. Aug. 22, 1990.]

JOE RUVALCABA, Plaintiff and Appellant, v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

A. Tod Hindin for Plaintiff and Appellant.

Stockdale, Peckham & Werner and David C. Werner for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—Plaintiff appeals from an order of dismissal entered as a sanction for his failure to comply with discovery. We reverse.

### FACTS

Plaintiff and appellant Joe Ruvalcaba brought this civil action alleging his insurance carrier and the attorneys hired by his insurance carrier unreasonably failed to settle a personal injury lawsuit and thus unreasonably exposed appellant to the excess judgment rendered thereafter. Defendants and respondents on appeal are appellant's insurance carrier, its subsidiary and three of its employees (Government Employees Insurance Company, Criterion Insurance Company, John Felkl, Colrain Warga and George Antoniacci). The other defendants to the action are not parties on appeal.

Approximately two years after the matter was at issue, respondents brought a motion to dismiss for failure to comply with discovery and alternatively to compel response to request for production of documents. The moving papers showed that a demand for inspection of documents had been served on appellant approximately four months earlier, that appellant had been granted two extensions to respond, and that appellant had failed to respond to the demand for inspection. The papers also showed that numerous times during the pendency of the matter appellant had failed to reasonably respond to other discovery devices and that previously the court had ordered compliance and sanctions against appellant and/or appellant's counsel. Appellant did not file a written opposition to the motion to dismiss, nor was there an appearance on his behalf. The court granted respondents' motion to dismiss and ordered the matter dismissed, from which appellant appeals.

### DISCUSSION

On appeal, appellant contends the court lacked the statutory authority to dismiss the matter. He contends that before a court terminates a plaintiff's

action for failure to comply with discovery, there must be a court order compelling plaintiff to comply with the discovery request. We agree.

The Civil Discovery Act of 1986 revamped the California discovery procedures. (Stats. 1986 ch. 1334; Stats. 1986, ch. 1336; Stats. 1987, ch. 86, §§ 20-22.) These laws carefully delineated the precise steps to be taken for discovery abuses, mandated monetary sanctions for some abuses and gave the court discretion to impose other types of sanctions in appropriate circumstances. As outlined in the statutory scheme, sanctions were specifically drawn in accordance with the goal of discovery, i.e., the disclosure of information. The statutes clearly indicated a preference for voluntary compliance with discovery.

The code required the disobedience of a court order as a prerequisite for dismissal based upon discovery abuses and recognized that lesser sanctions, appropriate for the particular abuse, should be granted before a terminating sanction, such as dismissal, was utilized. (Cf. *McArthur* v. *Bockman* (1989) 208 Cal.App.3d 1076, 1080-1081 [256 Cal.Rptr. 522].) Although prior case law indicated a prior order was not mandated (*Kaplan* v. *Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587, 591 [127 Cal.Rptr. 699]; see, e.g., *Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520 [94 Cal.Rptr. 85]), the new legislation acknowledged that dismissal was a drastic sanction (*Morgan* v. *Southern Cal. Rapid Transit Dist.* (1987) 192 Cal.App.3d 976, 981 [237 Cal.Rptr. 756]) which should only be used after a party had an opportunity to comply with a court order. By requiring disobedience to a court order before a matter could be terminated, courts were assured that the derelict party had no intention of complying with the discovery request. This requirement also enforced the court's interest in compelling obedience to its orders and process. (Cf. *Morgan* v. *Southern Cal. Rapid Transit Dist., supra*, 192 Cal.App.3d at p. 981.)

Code of Civil Procedure sections 2023 and 2031 address sanctions for failure to comply with a request for production of documents:

"§ 2023.

" . . . . . . . . . . . . . . . . . . . .

"(b) To the extent authorized by the section governing any particular discovery method . . . the court, . . . may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process.

"(1) The court may impose a monetary sanction . . . .

"(2) The court may impose an issue sanction ordering that designated facts shall be taken as established . . . .

"(3) The court may impose an evidence sanction by an order prohibiting any party . . . from introducing designated matters in evidence.

"(4) The court may impose a terminating sanction by one of the following orders:

"(A) An order striking out the pleadings . . . .

"(B) An order staying further proceedings by that party . . . .

"(C) An order dismissing the action, or any part of the action, of that party.

"(D) An order rendering a judgment by default against that party.

"(5) The court may impose a contempt sanction by an order treating the misuse of the discovery process as a contempt of court.

". . . . . . . . . . . . . . . . . . ."

"§ 2031.

". . . . . . . . . . . . . . . . . . .

"(*l* ) [T]he party demanding an inspection, . . . may move for an order compelling further response to the demand . . . .

". . . . . . . . . . . . . . . . . . .

"The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to an inspection demand, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

"*If a party fails to obey an order compelling further response, the court may make those orders that are just, including* the imposition of an issue sanction, an evidence sanction, or *a terminating sanction* under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023.

"(m) If a party filing a response to a demand for inspection under subdivision (f) thereafter fails to permit the inspection in accordance with that

party's statement of compliance, the party demanding the inspection may move for an order compelling compliance.

" . . . . . . . . . . . . . . .

"*If a party then fails to obey an order compelling inspection, the court may make those orders that are just, including* the imposition of an issue sanction, an evidence sanction, or *a terminating sanction* under Section 2023. In lieu of or in addition to that sanction, the court may impose a monetary sanction under Section 2023." (Italics added.)

■ Here, appellant did not timely respond to a demand for inspection of documents, and there was no opposition demonstrating the requested documents should not have been produced. Thus, the court could have ordered appellant to respond to the discovery request and could have imposed a monetary sanction. If thereafter appellant disobeyed this court order, appellant would do so at his own risk (cf. *Morgan* v. *Southern Cal. Rapid Transit Dist., supra,* 192 Cal.App.3d at p. 983), knowing that such a refusal provided the court with the statutory authority to impose other sanctions. Thus, the court, in its discretion, could have ordered specific facts to be taken as established, prohibited appellant from introducing certain matters into evidence, imposed monetary sanctions, or other sanctions specifically related to the offense. (Cf. *Young* v. *Rosenthal* (1989) 212 Cal.App.3d 96, 119 [260 Cal.Rptr. 369]; *McArthur* v. *Bockman, supra,* 208 Cal.App.3d at p. 1081.) The court also could have dismissed the action. Without the prior order directing appellant to comply, however, it was inappropriate for the court to dismiss the matter.

We do not look with favor upon recalcitrant parties who fail to reasonably comply with discovery. Parties who continually force opponents to obtain court orders before complying with reasonable requests for discovery increase the cost of litigation and delay the adjudication of lawsuits while unnecessarily clogging the judicial system. The 3,000-page clerk's transcript in this matter demonstrates continued discovery abuses by appellant and/or his attorney for which sanctions have already been imposed and which have resulted in needless delays and costs. In deciding this matter on remand these prior actions could be considered by the court in determining if a monetary sanction should be imposed pursuant to the discovery statutes. (Upon a proper showing and statutory notice, an imposition of sanctions under Code of Civil Procedure section 128.5 may also be appropriate.) Here, however, although the actions of appellant and his counsel may demonstrate a history of discovery abuses, without a disobeyed court order a terminating sanction was improperly imposed. (Cf. *Motown Record Corp.* v. *Superior Court* (1984) 155 Cal.App.3d 482 [202 Cal.Rptr. 227] [history of

discovery abuse does not warrant dismissal if sanctions for prior violations already imposed].)[1]

Respondents suggest that by failing to oppose the motion below, appellant has waived any rights to object on appeal. In that the issue presented is a question of law, we are not foreclosed from addressing the issue. (*State of California* ex rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018, 1023-1024 [228 Cal.Rptr. 576]; see, e.g., *Wilson* v. *Jefferson* (1985) 163 Cal.App.3d 952, 958-959 [210 Cal.Rptr. 464] [terminating sanction reversed even though there was no opposition to the motion nor an appearance at the hearing and there was a history of obstinate failure to comply with discovery].)

The order of dismissal is reversed. Each party to bear their own costs.

Lucas, P. J., and Boren, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 30, 1990.

---

[1] The documentary support for respondents' motion delineated the prior abuses and the prior court orders. However, respondents have not provided citations to the record to support their assertions that on the day the court granted the motion to dismiss, appellant had not complied with the prior court orders. Rather, the motion to dismiss alluded to the prior orders but there was no factual showing, by declaration or other evidence, that appellant failed to comply with the prior orders.