[No. E004839. Fourth Dist., Div. Two. July 26, 1988.]

MISTER MIDWIFE, Plaintiff and Appellant, v.
BEATRIZ BERNAL et al., Defendants and Respondents.

COUNSEL

Mister Midwife, in pro. per., for Plaintiff and Appellant.

Michael M. Angello and Mark J. Speck for Defendants and Respondents.

OPINION

DABNEY, J.—Acting in pro. per. and in forma pauperis, appellant Mister Midwife filed a complaint against various members of the Bernal and Lomeli families arising from a dispute regarding the use of an easement.[1] The Lomelis' attorney noticed Midwife's deposition to take place in his office on August 29, 1986. On August 29, attorneys for the Lomelis and the Bernals were present and prepared to depose Midwife; however, Midwife neither appeared nor telephoned to advise them that he would be unable to appear. That day, Midwife mailed a postcard to counsel for the Lomelis indicating that he could not appear at the deposition by 9 a.m. and requesting that the deposition be rescheduled 30 days in advance to accommodate his business schedule.

The Lomelis' attorney renoticed Midwife's deposition for September 29, 1986. Once again, however, Midwife neither appeared nor telephoned to advise them he was unable to be present. The Lomelis' attorney later received a postcard dated September 30 in which Midwife explained that he had been unable to attend the deposition because it was inaccessible through public transportation, and Midwife had no car. The deposition site was in Del Mar, approximately 15 miles from downtown San Diego.

The Bernals' counsel brought a motion for sanctions and for dismissal because of Midwife's failure to permit discovery. The court declined to dismiss the action but ordered Midwife to appear for the taking of his deposition on November 5, 1986, and granted sanctions of $170 in favor of the Bernals to be paid on that date. The court ordered the deposition site to be moved to the offices of the Bernals' counsel in downtown San Diego. Midwife's deposition was eventually completed, but Midwife failed to tender the sanctions.

---

[1] Both appellant and respondents have attached numerous exhibits to their briefs in this appeal. This is improper and we disregard the statement of any matters contained in the briefs not supported by the record. (*Dodd* v. *Henkel* (1978) 84 Cal.App.3d 604, 606-607, fn. 1 [148 Cal.Rptr. 780]; *Gold* v. *Los Angeles Democratic League* (1975) 49 Cal.App.3d 365, 372, fn. 1 [122 Cal.Rptr. 732].)

On January 8, 1987, Midwife brought a motion to reconsider the sanctions. The court reduced the sanctions to $100 to be paid by January 16. On January 15, Midwife sent a letter to counsel for the Bernals indicating that he wanted to pay the sanctions in installments. The offer was rejected.

When no payment was received, the Bernals' counsel moved to dismiss the action. The court ruled that the action would be dismissed on April 15, 1987, unless Midwife tendered the sanctions and provided evidence to the court that the sanctions had been paid. Midwife failed to comply with this directive, and the court dismissed the action against the Bernals on April 22 and entered judgment for costs. Meanwhile, Midwife filed a contempt motion against defense counsel and all defendants alleging that they had committed frauds on the court. The court found this motion frivolous and imposed further sanctions against Midwife in the amount of $400.

On May 15, 1987, Midwife moved for reconsideration of the dismissal. The court dismissed the motion as untimely under section 1008 of the Code of Civil Procedure. Midwife moved to tax costs and to disqualify the judge who ruled on the motion for reconsideration from further association with this case. That judge subsequently disqualified himself. On June 25, 1987, Midwife moved for reconsideration of the $400 sanctions imposed in connection with his contempt motion. The court declined to reconsider the sanctions, but stayed the sanctions on the condition that Midwife refrain from filing any further papers in the case. Midwife brought a motion to vacate judgment which, with his motion to tax costs, was set for hearing on August 25, 1987. The court denied both motions. Midwife argued that the judge who heard those motions should be disqualified because Midwife had sued him several times. The judge refused to disqualify himself, and Midwife filed a petition for extraordinary writ before the appellate court. The writ was denied, and the California Supreme Court declined to review the denial. Meanwhile, Midwife moved for reconsideration of the ruling which prohibited him from filing further papers in this case and requested disqualification of the judge who issued that ruling. The matter was heard before another judge, who denied reconsideration of the order and reinstated the $400 sanctions.

Midwife filed his notice of appeal on September 14, 1987.[2] This action was transferred to Division Two because of an alleged conflict involving all Division One justices. On appeal, Midwife argues that the court abused its discretion both in dismissing the action for his failure to pay sanctions and

[2]Respondents moved to dismiss this appeal as untimely. This court ruled on November 2, 1987, that Midwife's motion to vacate the judgment was a valid motion brought under Code of Civil Procedure section 473 and that the appeal was therefore timely under rule 3(b) of the California Rules of Court.

in imposing monetary sanctions for his nonappearance at his deposition when the deposition site was inaccessible. Midwife also challenges the court's power to impose monetary sanctions on a party who appears in forma pauperis. Finally, Midwife appeals from the judge's refusal to disqualify himself from hearing Midwife's motion to tax costs and vacate the judgment.

I

Midwife challenges the trial court's imposition of money sanctions for his nonappearance at his noticed deposition.[3] An order imposing sanctions is appealable on final judgment. (*People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater* (1981) 114 Cal.App.3d 923, 937 [171 Cal.Rptr. 85], reversed on other grounds in *California* ex rel. *Cooper v. Mitchell Bros.* (1982) 454 U.S. 90 [70 L.Ed.2d 262, 102 S.Ct. 172].) The events in this action are governed by former Code of Civil Procedure[4] section 2016 et seq.[5] "[A]ny particular use of a discovery method that was initiated before July 1, 1987, shall continue to be governed by the provisions of law regulating that method at the time it was initiated, . . ." (Stats. 1987, ch. 86, § 20, No. 5 West's Cal. Legis. Service, p. 56; No. 2 Deering's Adv. Legis. Service, p. 369.) Under former section 2034, subdivision (d), the court had broad discretion to impose sanctions for a party's willful nonappearance at a noticed deposition. The court on motion could strike out all or any part of his pleading, dismiss the action or any part of the action, enter judgment by default against the party, or impose such other lesser penalties as the court deemed just, and could order the party to pay the moving party's reasonable expenses, including attorney's fees, in making such a motion. (*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 786 [149 Cal.Rptr. 499].) The court's discretion in imposing discovery sanctions was subject to reversal only for arbitrary, capricious or whimsical action. (*Kahn v. Kahn* (1977) 68 Cal.App.3d 372, 380-381 [137 Cal.Rptr. 332].) However, two absolute prerequisites limited that discretion: (1) there must have been a failure to comply; and (2) the failure

---

[3] Midwife also challenges the award of sanctions to the Bernals on the ground that the Bernals did not notice the deposition and therefore lacked standing to seek sanctions for Midwife's nonappearance. Midwife's argument is meritless. In *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901 [190 Cal.Rptr. 593], the court dismissed a plaintiff's action against two defendants because of the plaintiff's failure to comply with an order to provide discovery. The plaintiff challenged the court's right to dismiss the action as to the defendant who had not propounded the discovery request. The court explained that under former Code of Civil Procedure section 2034, subdivisions (b) and (d), the court could sanction the party who refused or willfully failed to obey without any limitation as to who may request the sanction. The Bernals were entitled to seek sanctions.

[4] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

[5] Repealed July 1, 1987.

must have been willful. (*Calvert Fire Ins. Co., supra,* 141 Cal.App.3d at p. 904.) The court must expressly have found that the failure to appear was willful. (*Deyo, supra,* 84 Cal.App.3d at p. 787.)

▉ Midwife contends that the trial court failed to make the requisite finding of willfulness, and therefore abused its discretion in imposing sanctions. No express finding of willfulness appears in the order. Moreover, the record contains a declaration made by Midwife in connection with his motion to vacate the judgment stating that the court made no such finding. The declaration further states that the court held the inaccessibility of the deposition site irrelevant under the discovery statutes and stated that he had not read Midwife's moving papers and would not allow oral argument. Respondent does not refute Midwife's characterization of the events at the hearing. ▉ A party's failure to deny a statement of fact in his adversary's brief may result in the court's acceptance of that fact as true if the record does not show otherwise. (*H. Moffat Co.* v. *Rosasco* (1953) 119 Cal.App.2d 432 [260 P.2d 126].) ▉ We conclude, therefore, that the trial court abused its discretion in imposing a monetary sanction under section 2034, subdivision (d) without first expressly finding that Midwife's nonappearance at his deposition was willful.

## II

▉ Midwife next contends that the sanction of dismissal for his failure to pay monetary sanctions after he appeared and was deposed was an abuse of discretion. We conclude that this is an independent basis for reversing the judgment of dismissal. The action was dismissed for failure to pay a monetary sanction; however, Midwife's deposition was completed.[6] In *Williams* v. *Travelers Ins. Co.* (1975) 49 Cal.App.3d 805 [123 Cal.Rptr. 83], the court stated that the plaintiff "stretched the court's toleration of his conduct beyond the breaking point when he failed to provide further answers and failed to pay minimum sanctions for the inconvenience caused by his delay." (*Id.,* at pp. 810-811.) Nonetheless, the affirmance of the order of dismissal was based solely on the plaintiff's refusal to answer interrogatories, not on his failure to pay sanctions. (*Id.,* at p. 811.) The court noted in *Jones* v. *Otero* (1984) 156 Cal.App.3d 754 [203 Cal.Rptr. 90], that an order imposing monetary sanctions may be enforced under the Enforcement of Judgments Law (§ 680.010 et seq.), and held that dismissal can never be an appropriate remedy for an *attorney's* noncompliance with an order imposing monetary sanctions. Whether dismissal could ever be an appropriate

---

[6]Under former section 2034, subdivision (d), the court could have elected to dismiss the action instead of imposing a monetary sanction for Midwife's original failure to appear to be deposed, provided the court found that the failure was willful. (*Deyo, supra,* 84 Cal.App.3d at p. 786.)

remedy for a *party's* noncompliance with a discovery order imposing monetary sanctions was not before the court. (*Jones* v. *Otero, supra,* 156 Cal.App.3d at p. 759) That issue, while not yet addressed directly in California case law, is governed by federal constitutional principles.

■ Constitutional due process "imposes limitations on the power of courts, even in aid of their own valid processes, to order discovery sanctions that deprive a party of his opportunity for a hearing on the merits of his claim. (*Societe Internationale* v. *Rogers* (1958) 357 U.S. 197, 209 [2 L.Ed.2d 1255, 1265, 78 S.Ct. 109]; see also *National Hockey League* v. *Met Jockey Club, Inc.* (1976) 427 U.S. 639, 640 [49 L.Ed.2d 747, 749-750, 98 S.Ct. 2778] (per curiam).)" (*County of El Dorado* v. *Schneider* (1987) 191 Cal.App.3d 1263, 1273 [237 Cal.Rptr. 51].)

In *Hammond Packing Co.* v. *Arkansas* (1909) 212 U.S. 322 [53 L.Ed. 530, 29 S.Ct. 370], the United States Supreme Court held that a state court could strike the answer and render a default judgment against a party who failed to comply with a pretrial order to provide discovery. Such a rule was permissible as an expression of "the undoubted right of the lawmaking power to create a presumption of fact as to the bad faith and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered . . . . [T]he preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense." (*Id.,* at pp. 350-351 [53 L.Ed. at p. 545].)

The court in *Hammond* specifically distinguished the situation of failure to provide discovery from that in *Hovey* v. *Elliott* (1897) 167 U.S. 409 [42 L.Ed. 215, 17 S.Ct. 841], in which the court held that it did violate due process for a court to dismiss an action or render default judgment as "punishment" for failure to obey an order to pay into the registry of the court a certain sum of money. Due process is violated if the behavior of the defendant will not support the *Hammond Packing* presumption that refusal to provide discovery is an admission of lack of merit in the party's case.

Following *Hammond* and *Hovey,* California courts have held that " 'The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may not impose sanctions which are designed not to accomplish the objects of the discovery but to impose punishment. [Citations.]' " (*Petersen* v. *City of Vallejo* (1968) 259 Cal.App.2d 757, 782 [66 Cal.Rptr. 776].)

When a court's order goes beyond imposing a sanction which will accomplish the purpose of discovery and "denies a party any right to defend the

action or to present evidence upon issues of fact which are entirely unaffected by the discovery procedure before it, it not only abuses its discretion but deprives the recalcitrant party of due process of law." (*Caryl Richards Inc.* v. *Superior Court* (1961) 188 Cal.App.2d 300, 305 [10 Cal.Rptr. 377].) ■ There can be no presumption that a party's failure to pay monetary sanctions is a concession of the lack of merit to his claims in the lawsuit.[7] Under these circumstances, dismissal is purely punitive. We conclude that it was an abuse of discretion to dismiss the action solely on the ground that Midwife had failed to pay monetary sanctions ordered by the trial court.

## III

■ Midwife apparently contends that imposing *any* monetary sanction on a pauper litigant violates various rights including federal and state due process and equal protection. This argument merits little discussion. A litigant proceeding in forma pauperis is held to the same standard of conduct in conducting litigation as any other party, and the power of the court to impose monetary sanctions for frivolous or harassing conduct or refusal to permit discovery is well established. (§§ 128.5, [former] 2034, subds. (b) and (d).) We do not doubt that Midwife's conduct throughout this litigation has severely taxed the patience of each judge with whom he has come in contact. Monetary sanctions are always available to discourage abusive or recalcitrant behavior provided proper findings are made and appropriate procedures are followed. To the extent this appeal can be construed as from the order imposing the sanction of $400 for filing a frivolous motion, that order is affirmed.

## IV

Finally, Midwife challenges the failure of a judge to recuse himself from hearing Midwife's motion to vacate the judgment on August 27, 1987. Section 170.3, subdivision (d) provides "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by writ of mandate from the appropriate court of appeal . . . ." Midwife brought an extraordinary writ of mandate regarding the recusal of the trial judge which this court denied on October 27, 1987. The California Supreme Court denied Midwife's subsequent petition for review. The issue can no longer be resurrected in this appeal.

---

[7] A recalcitrant party may of course be punished for contempt. (§ 177.5.)

## DISPOSITION

The order imposing the sanction of $400 for filing a frivolous motion is affirmed. The judgment of dismissal and the order imposing sanctions for Midwife's failure to appear at his deposition are reversed.

Campbell, P. J., and Hews, J., concurred.