[No. D006619. Fourth Dist., Div. One. Mar. 17, 1989.]

HARRY McARTHUR et al., Plaintiffs, Cross-defendants and Respondents, v.
CARLOS BOCKMAN et al., Defendants, Cross-complainants and Appellants.

COUNSEL

Ronald J. Mix for Defendants, Cross-complainants and Appellants.

No appearance for Plaintiffs, Cross-defendants and Respondents.

OPINION

**WIENER, Acting P. J.**—Defendants and cross-complainants Carlos Bockman and Maria Trinidad Bockman appeal from a default judgment in favor of plaintiffs Harry and M. June McArthur. The defendants' default was entered as a result of the McArthurs' successful motion for sanctions after the Bockmans failed to attend their court-ordered deposition pertaining to an inquiry into their financial condition pursuant to Civil Code section 3295.[1]

---

[1] All statutory references are to the Civil Code unless otherwise specified.

Section 3295 provides: "(a) The court may, for good cause, grant any defendant a protective order requiring the plaintiff to produce evidence of a prima facie case of liability for damages pursuant to Section 3294, prior to the introduction of evidence of:

".      .      .      .      .      .      .      .      .      .      .      .      .

"(2) The financial condition of the defendant.

".      .      .      .      .      .      .      .      .      .      .      .      .

"(c) No pretrial discovery by the plaintiff shall be permitted with respect to the evidence referred to in [the foregoing] paragraphs (1) . . . unless the court enters an order permitting such discovery pursuant to this subdivision. . . . Upon motion by the plaintiff supported by

The Bockmans contend, and we agree, that the imposition of sanctions striking their pleadings and permitting the entry of a default for their failure to attend a limited discovery proceeding is overly broad constituting an abuse of discretion. We therefore reverse the judgment with instructions to vacate the default and for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

The McArthurs, elderly residents of Toronto, Canada, wanted to build a house in Mexico. In March 1977 they paid about $60,000 for a lot in Manzanillo. They retained Carlos Bockman as their architect. He designed and built a $200,000 house. Apparently this is the extent of the McArthurs' success in their foreign land venture. For reasons peculiar to Mexican law, architect Bockman held the McArthurs' power of attorney in reference to the property. Unfortunately for the McArthurs, however, Carlos exercised his authority under the power of attorney to transfer the property to his mother, Maria Trinidad Bockman, who has since conveyed it to another relative. These events prompted the filing of both criminal and civil proceedings in Mexico and the underlying action here.

The McArthurs have thus far successfully established in the Mexican civil courts that they revoked Carlos's authority long before he "sold" the property to his mother and there was no merit to the Bockmans' claim the transfer was to satisfy the McArthurs' alleged $100,000 debt to Maria.[2] The court found there was never a loan; the sale was fraudulent and void.

In the criminal proceedings the McArthurs were less fortunate. The court found their notice revoking Bockman's authority was untimely and/or improperly communicated and accordingly Carlos could not be convicted of a crime for transferring property pursuant to what he thought was a valid power of attorney.

The McArthurs filed this case in February 1986 seeking equitable and legal relief. In their equitable causes of action they request the imposition of a constructive trust requiring the Bockmans or their successor to hold the

---

appropriate affidavits and after a hearing, if the court deems a hearing to be necessary, the court may at any time enter an order permitting the discovery otherwise prohibited by this subdivision if the court finds, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294."

[2] We have used the phrase "thus far" because the Bockmans' counsel represented to the trial court that the McArthurs' success in Mexico was attributable to the Bockmans' failure to appear in that proceeding. They are now purportedly appealing that judgment alleging lack of notice. Our paucity of current information on this subject may be due to the fact that the McArthurs have not filed a brief in this court.

Manzanillo property for their benefit and for an injunction directing the proper persons to sign the necessary documents so the McArthurs can regain title. Their legal causes of action for breach of contract and fraud request "compensatory damages according to proof" and "exemplary damages in the amount of $3,000,000." The Bockmans answered the complaint about eight months later and cross-complained for damages alleging Harry McArthur maliciously prosecuted them by fraudulently instituting criminal proceedings in Mexico. After the McArthurs responded to the cross-complaint in December 1986 they successfully obtained an early trial date and trial was set for May 11, 1987. (See Code Civ. Proc., § 36, subd. (a).)

After most of the discovery had been completed the McArthurs successfully moved to depose the Bockmans on their financial condition pursuant to section 3295. (See fn. 1, *ante*.) Section 3295 authorizes pretrial discovery of a defendant's financial condition in an action seeking punitive damages only when the court is satisfied the plaintiff has established a "substantial probability" of success on the claim for punitive damages. Here the court determined this threshold was established.[3]

The court's April 3, 1987, order instructed the defendants to appear "at a continuation of their depositions . . . to answer questions regarding ownership of assets and obligations on liabilities. Said continuation of deposition shall be duly noticed and may take place within the 30 days preceding trial of this case, presently set for May 11, 1987."

The court also ordered that if the McArthurs gave notice of the deposition and the defendants, or either of them, failed to appear, the plaintiffs could then proceed with a "duly-noticed motion for sanctions under Section 2034 Code Civ. Proc., including a motion to strike the defendants' and cross-complainants' pleadings and have judgment of default entered in favor of plaintiffs."

Pursuant to the order the McArthurs noticed the deposition for April 17, 1987. The day before the scheduled date the Bockmans' counsel telephoned the McArthurs' lawyer to inform him the Bockmans would not appear saying that April 17 was Good Friday, and since the Bockmans were very religious they could not have their respective depositions taken that day. Although counsel discussed alternate dates for the depositions no agreement was reached. The Bockmans did not seek a protective order and did

---

[3] It was undisputed Carlos Bockman transferred the McArthurs' property and that at least one court found the transfer to be fraudulent. This conduct certainly permitted the trial court here to conclude there was a "substantial probability" the McArthurs would ultimately be entitled to punitive damages.

not appear at their depositions. The McArthurs then obtained sanctions striking the Bockmans' answer and cross-complaint and permitting the entry of their default. In a later default hearing the McArthurs obtained the equitable relief they sought and $94,552 representing the reasonable value of their time and expenses in pursuing their remedies in Mexico, $25,000 representing the reasonable value of the costs they incurred to repair the property, $200,000 for emotional distress, and $400,000 punitive damages. Judgment was entered. This appeal ensued.

## DISCUSSION

Among the Bockmans' contentions is their claim the court was without jurisdiction in entering a judgment providing for general and compensatory damages in a greater amount than that specified in the complaint. They direct us to Code of Civil Procedure section 580 and the California Supreme Court decision in *Greenup* v. *Rodman* (1986) 42 Cal.3d 822 [231 Cal.Rptr. 220, 726 P.2d 1295] which emphasized the significance of adequate notice which precludes obtaining a default judgment for a sum greater than that requested in the complaint. ▆▆ Although their contention has merit, we address their more pervasive argument that the court abused its discretion in imposing sanctions striking their pleadings and entering their default.

▆▆ It is axiomatic that a sanction which directs the entry of a default judgment is "ordinarily a drastic measure which should be employed with caution." (*Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 793 [149 Cal.Rptr. 499].) "The penalty should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." (*Ibid.*) "[T]he sanction should not operate in such a fashion as to put the prevailing party in a better position than he would have had if he had obtained the discovery sought and it had been completely favorable to his cause." (*Ibid.*, citing *Stein* v. *Hassen* (1973) 34 Cal.App.3d 294, 301-303 [109 Cal.Rptr. 321]; accord *Morgan* v. *Ransom* (1979) 95 Cal.App.3d 664, 670 [157 Cal.Rptr. 212].)

▆▆ Here, the parties had conducted substantial discovery before the McArthurs obtained the section 3295 order authorizing the Bockmans' depositions. The statutory authorization for these continued depositions necessarily limited their scope to permit inquiry only as to the Bockmans' wealth. Wealth was relevant so that the trier of fact could determine the amount of punitive damages, if any, to be assessed against the Bockmans provided the McArthurs first established liability and entitlement to punitive damages. Thus, lacking other abusive litigation conduct preventing the discovery of relevant information which could frustrate the trier of fact's truthfinding role (*Morgan* v. *Ransom, supra,* 95 Cal.App.3d at p. 670), the

court here should have tied the sanction to the limited purpose of the deposition.

The court should not have entered the Bockmans' default—the ultimate sanction in a civil case—in light of the specific purpose of the depositions and the relatively minimal potential prejudice. The only possible prejudice suffered by the McArthurs as a result of the Bockmans' failure to appear for these specific depositions was the risk that at trial they would be unable to obtain a punitive damage award commensurate with the Bockmans' actual wealth. This prejudice could have been eliminated, however, by sanctions short of striking the Bockmans' answer and cross-complaint. For instance, the trial court clearly could have precluded the Bockmans from introducing evidence of their wealth at trial. Alternatively, if the court was concerned that even this would have prejudiced the McArthurs because they could present no other evidence of the Bockmans' net worth, it may well have been justified in instructing the jury to assume that the Bockmans' financial condition would support an award of punitive damages up to the $3 million figure suggested by the McArthurs in their complaint.[4] These or other sanctions properly tailored to respond to the defendants' conduct are within the court's discretion to impose. The sanction prescribed here, however, exceeded the court's legitimate prerogatives and requires us to reverse the judgment and remand for further proceedings consistent with this opinion.

## DISPOSITION

Judgment is reversed and the trial court is instructed to vacate the entry of the default and for further proceedings consistent with this opinion.

Benke, J., and Nares, J., concurred.

---

[4] Although the rule in California does not require a plaintiff requesting punitive damages to present evidence of a defendant's net worth (e.g., *Vossler* v. *Richards Manufacturing Co.* (1983) 143 Cal.App.3d 952, 964 [192 Cal.Rptr. 219]), we understand how a trial judge could be concerned that the absence of *any* evidence on the subject could lead to improper jury speculation.