[No. B047878. Second Dist., Div. Four. Apr. 4, 1991.]

INTEL CORPORATION et al., Plaintiffs and Appellants, v. USAIR, INC., et al., Defendants and Respondents.

COUNSEL

Mullen & Filippi and Stanley E. Shields for Plaintiffs and Appellants.

Stokes, Clayton, McKenzie & Senick and Mark A. Senick for Defendants and Respondents.

OPINION

EPSTEIN, J.—In this appeal, Intel Corporation and Associated Claims Management, Inc. (collectively referred to as Intel) challenge the trial court's dismissal of their complaint for failure to comply with the trial court delay reduction (fast track) rules of the Los Angeles Superior Court. We conclude that the governing statute gives discretion to dismiss an action under appropriate circumstances. Given appellant's pronounced and re-peated failure to follow the requirements of these rules, even after a specific

court order that it do so, we find that the trial court did not abuse its discretion in dismissing the complaint. We therefore affirm.

FACTUAL SUMMARY

On December 7, 1987, PSA flight 1771 crashed when a former employee of its parent company, USAIR, attacked the crew during the flight. Jean Delean was among the passengers killed. Since Delean was traveling in the course and scope of her employment at the time of the crash, her employer, Intel, was obligated to pay a workers' compensation death benefit pursuant to Labor Code section 4706.5. On December 6, 1988, Intel filed an action in the Los Angeles Superior Court against USAIR and others seeking reimbursement for benefits paid.

On June 21, 1989, Intel's counsel received mail service from the court of an order to show cause why sanctions, including dismissal, should not be imposed for failure to file an at-issue memorandum within 140 days of filing the action. Los Angeles County Trial Court Delay Reduction Rules, rule 1106.1.3[1] required an at-issue memorandum to be filed within that period, absent a court order permitting a later filing. Intel had not sought such an extension order. A hearing on the show cause order was noticed for July 24, 1989. Plaintiff filed a response, indicating that shortly after the filing of the complaint it had learned of some 42 other complaints arising out of the same air crash, that it had been in contact with lead counsel for the plaintiffs in the other consolidated actions, that it had been advised by lead counsel that the bulk of these cases was being settled, and that it anticipated that this action, too, would be resolved by settlement. Plaintiff therefore requested that the matter be continued for 60 days.

At the hearing, the trial court ordered plaintiff's counsel to pay $300 sanctions within 30 days for failure to request an extension of time for filing the at-issue memorandum. The order to show cause was continued nearly three months to October 16, 1989, for confirmation that an at-issue memorandum finally had been filed.

Plaintiff's counsel failed to appear at the October 16 hearing. The register of actions indicated that an at-issue memorandum had not been filed in the case, and there was no proof that the sanctions had been paid. The court ordered the entire action dismissed for failure to comply with the court's orders.

---

[1] All further rule references are to the Trial Court Delay Reduction Rules unless otherwise stated.

On October 24, 1989, plaintiff's counsel received a copy of the October 16 order of dismissal. Counsel at that time realized that his office had miscalendared the continued show cause hearing for October 26 rather than October 16. On November 3, 1989, plaintiff moved to set aside the order of dismissal based on counsel's mistake of fact as to the date of the hearing. (Code Civ. Proc., § 473.)

Plaintiff's counsel noticed the hearing on the section 473 motion for December 1, 1989, but the hearing was continued to December 19 on the court's motion. At the hearing,[2] plaintiff's counsel informed the court that the sanctions had been paid on November 9, 1989; that defendants USAIR and PSA had been served with process; that no at-issue memorandum had been filed since defendants had not yet answered the complaint; that counsel had been in contact with lead counsel for the consolidated actions and with defendants' adjuster regarding settlement; that counsel also had presented a claim for reimbursement against the estate of plaintiff's employee, which claim was being prosecuted in San Francisco Superior Court; and that any failure of plaintiff's counsel to comply with the fast track rules or with orders of the court could be adequately addressed by a levy of sanctions against counsel rather than by the ultimate sanction of dismissal against plaintiff.

Counsel for defendants filed a declaration stating that the complaint had been served on defendants on October 25, 1989 (nine days after the actual date of the continued hearing, and only one day before the date plaintiff's counsel had calendared for the hearing). Counsel also advised the court that litigation in the other consolidated actions had been concluded. A jury trial in those cases had commenced on May 20, 1989, the jury had heard the testimony of over 40 witnesses and on June 27, 1989, prior to argument in the case, the jury had been dismissed upon the settlement of all the individual actions, including that brought by the estate of Intel's employee, Jeanne Delean. The settlement with Delean's estate included a release in which the estate agreed to indemnify defendants for any liability it might have to others that might arise as a result of the injury to the estate or the death of Delean. Counsel further stated that at the time of the settlement and release, neither defendants nor the estate had notice of plaintiff's complaint.

---

[2] The record does not reflect a direct ruling by the trial court as to whether counsel's reason for his failure to appear at the October 16 hearing constituted excusable neglect which would warrant relief under Code of Civil Procedure section 473. In ruling on the 473 motion, however, the court in fact did reconsider the basis of its order of dismissal. We infer that the court accepted counsel's explanation that the failure to appear was excusable neglect based on a calendaring error in his office. We therefore liberally construe the notice of appeal to encompass the October 16 order of dismissal (Cal. Rules of Court, rule 1(a)), and review the trial court's exercise of discretion in dismissing the action for failure to comply with the local fast track rules.

The trial court denied plaintiff's motion to set aside the order of dismissal, finding that plaintiff had repeatedly failed to comply with the Rules of Court and with the court's orders. Plaintiff appeals.

## DISCUSSION

■ Appellant asserts that Code of Civil Procedure section 575.2, subdivision (b) absolutely prohibits dismissal of its action, since its failure to comply with the local fast track rules was entirely the responsibility of its counsel, and the court was therefore without authority to impose a penalty which would adversely affect its cause of action. Our review of the statutory scheme underlying the Los Angeles Superior Court Trial Court Delay Reduction Rules leads us to a different conclusion.

These local rules cite both Code of Civil Procedure section 575.1, and Government Code section 68612 as sources of authority. (See rule 1100.1.) Code of Civil Procedure section 575.1[3] is a general provision authorizing superior courts to adopt local rules to expedite the business of the court, and Government Code section 68612[4] authorizes local trial delay reduction programs and rules. Both statutes include enforcement provisions.

Under Code of Civil Procedure section 575.2, rules promulgated pursuant to Code of Civil Procedure section 575.1 may provide for penalties against counsel or a party for failure to comply with those trial court rules, including the striking of pleadings, dismissal of the action, entry of default judgment, or other lesser penalties. Subdivision (b) of section 575.2 tempers that authority: "It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

The enforcement mechanism for the Trial Court Delay Reduction Act of 1986 (Gov. Code, § 68600 et seq.) is found in Government Code section

---

[3] Code of Civil Procedure section 575.1, subdivision (a) in pertinent part states: "The presiding judge of each superior court may prepare with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court."

[4] Government Code section 68612 states: "Judges shall, in consultation with the bar of the county to the maximum extent feasible develop and publish the procedures, standards, and policies which will be used in the program, including time standards for the conclusion of all critical steps in the litigation process, including discovery, and shall meet on a regular basis with the bar of the county in order to explain and publicize the program and the procedures, standards, and policies which shall govern cases assigned to the program. The procedures, standards, and policies to be used in the program shall be filed, distributed, and maintained pursuant to Section 68071 and the California Rules of Court, and shall also be published for general distribution. In its discretion, the Judicial Council may assist in the development of, or may develop and adopt, any or all of such procedures, standards, or policies on a statewide basis."

68609, subdivision (d), which originally provided: "In order to enforce the requirements of an exemplary delay reduction program and orders issued in cases assigned to it, the judges of the program shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings as appropriate, and are encouraged to utilize them in order to achieve the purposes of this article."[5]

As part of the trial court delay "cleanup legislation," Government Code section 68609, subdivision (d) was amended, effective January 1, 1988, revising a judge's authorization to dismiss actions or strike pleadings under the delay reduction program. As amended, that section gives to the judges in the program "all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, *if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case*. Judges are encouraged to impose sanctions to achieve the purposes of this article." (Italics added.)

A comparison of these two statutory schemes reveals a distinction in the authorization given to the trial court to impose sanctions for failure to comply with local rules. Code of Civil Procedure section 575.2 authorizes imposition of an entire range of sanctions, including dismissal, for violation of local rules, but expresses an intent that a party's case not suffer because of the irresponsibility of counsel. Government Code section 68609, subdivision (d), which authorizes imposition of sanctions to enforce the requirements of exemplary delay reduction programs, encourages the use of all sanctions including dismissal, but cautions against dismissal of actions and striking of pleadings unless the court has determined that less severe sanctions would not be effective in light of the ineffectiveness of previous sanctions or the previous lack of compliance in the case.

■ Since these statutes overlap in their treatment of the availability of sanctions for the enforcement of local rules, they should be construed together and harmonized to the extent that it is possible to do so. (See *Estate of Clark* (1984) 152 Cal.App.3d 894, 898, fn. 3 [199 Cal.Rptr. 753].) To the extent they are inconsistent, however, we turn to the rule of construction that a special statute dealing expressly with a particular subject takes precedence over a conflicting general statute on the same subject. (*State Farm Mut. Auto. Ins. Co.* v. *Haight* (1988) 205 Cal.App.3d 223, 238 [252 Cal.Rptr. 162].) We determine which is the more specific of the two statutes by comparing their goals and subject matter. (See *Shoemaker* v. *Myers*

---

[5] The article is article 5, chapter 2, title 8 of the Government Code, the Trial Court Delay Reduction Act.

(1990) 52 Cal.3d 1, 21-22 [276 Cal.Rptr. 303, 801 P.2d 1054].) While the Code of Civil Procedure provision is concerned with penalties for violation of any local rules, the Government Code provision addresses imposition of sanctions for violation of local delay reduction rules. The Government Code provision is clearly more narrowly circumscribed and specific than the Code of Civil Procedure provision, and is therefore controlling. (*Ibid.*)

An additional maxim of construction leads to the same result, since the Trial Court Delay Reduction Act, of which the Government Code provision is a part, is the last enacted statute. (See *Santa Barbara Federation of Teachers* v. *Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 236 [142 Cal.Rptr. 749].)

Obedient to these precepts of statutory interpretation, we observe that both statutes seek to command compliance with local court rules through imposition of penalties on counsel or the party, while expressing an intent not to unnecessarily penalize a party for failure to comply with local rules. The distinction is that Code of Civil Procedure section 575.2, subdivision (b) disapproves *any* penalty which adversely affects a party's case when the fault is that of counsel rather than the party, while Government Code section 68609, subdivision (d) merely cautions against the sanctions of dismissal and striking of pleadings until the court has determined that lesser sanctions would not be effective, after consideration of the effect of previous sanctions and previous lack of compliance in the case. The later enacted and specific statute governing trial court delay reduction programs, Government Code section 68609, subdivision (d), controls over the more general Code of Civil Procedure section 575.2, subdivision (b) dealing generally with adoption of local rules.

It is also significant that the restrictive provision in Code of Civil Procedure section 575.2, subdivision (b) is not repeated in the later enacted Government Code provision, which also deals with sanctions for a failure to obey court orders. The inference is that the restriction was not intended to apply to orders issued under the Government Code provision. (See *Hennigan* v. *United Pacific Ins. Co.* (1975) 53 Cal.App.3d 1, 8 [125 Cal.Rptr. 408] [fact that provision of statute on given subject is omitted from other statutes relating to similar subject indicates different legislative intent for each statute].) We therefore conclude that trial courts have discretionary authority to impose the sanction of dismissal on account of counsel's failure to com-

ply with local trial court delay reduction rules, if standards set forth in Government Code section 68609, subdivision (d) are satisfied.[6]

Support for this conclusion is found in *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 503 [256 Cal.Rptr. 296].) In *Moyal*, the trial court imposed a monetary sanction against counsel and dismissed the complaint after counsel failed to file a timely at-issue memorandum pursuant to San Diego's local trial court delay reduction program and failed to comply with a court order to appear. The Court of Appeal affirmed the monetary sanctions against counsel, but reversed the order of dismissal, finding that the party had received inadequate notice that the court was considering dismissal of the action and that the court had failed to consider and use less extreme sanctions before dismissing the action. The court explained: "The drastic measure of dismissal should only be used where there is a clear showing that the client is the cause of counsel's failure to comply with local fast track rules, e.g., where the client will not cooperate with or supply necessary material to his or her attorney *or where no other reasonable sanction will produce compliance with the rules and orders of the court.*" (Italics added.) The court expressly recognized that "the imposition of a dismissal sanction in a more extreme case would clearly be authorized by the Trial Court Delay Reduction Act," but concluded that under the facts before it, the order of dismissal constituted an abuse of discretion. (208 Cal.App.3d at p. 503.)

Taking into account the previous lack of compliance in the case and the ineffectiveness of previous sanctions, we find sufficiently egregious circumstances in the case before us to warrant the severe sanction of dismissal. (Gov. Code, § 68609, subd. (d).)

Looking first to the previous lack of compliance in the case, we observe that it was appellant's failure to file an at-issue memorandum within 140 days, as required under rule 1106.1.3, that brought the matter to the attention of the court. Underlying that delay was a failure to serve the complaint within 60 days of filing, as required by rule 1106.1.1. In addition, despite its knowledge that "[s]hortly after the filing of the within action" approximately 42 complaints had been filed against various defendants arising out of the same air crash, appellant failed to file and serve a notice of related case, which it was required to do within 15 days after learning of the other cases

---

[6] In *Cooks* v. *Superior Court* (1990) 224 Cal.App.3d 723, 727 [274 Cal.Rptr. 113], this court held that it was an abuse of discretion for a trial court to strike a party's request for a jury trial as a sanction for counsel's failure to submit proposed jury instructions at the time prescribed by the Los Angeles County fast track rules. Nothing in that opinion should be understood to contradict the holding we reach in this case.

under rule 1103.6.1. Appellant's failure to meet this obligation and its failure to timely serve the complaint prevented respondents from being able to include this action with the 42 others which were before the court as a coordinated proceeding. As a result, trial was had in that proceeding and all the other actions were concluded before appellant had served this action on respondents. Appellant's repeated failure to proceed in accordance with the local fast track rules defeated the intent of the Legislature "to eliminate delay in the progress and ultimate resolution of litigation" (Gov. Code, § 68607; rule 1100.2), and seriously prejudiced respondents in their attempt to resolve all claims arising from that air crash.

Also clear is the ineffectiveness of the previous sanctions in this case. At the first show cause hearing, the court imposed $300 in sanctions on counsel for failure to timely request an extension of time for filing of the at-issue, to be paid within 30 days, and continued the matter for almost 90 days for confirmation that the at-issue had been filed and the sanctions paid. Appellant did not file the at-issue memorandum within that time period (even as extended by its calendaring error). In fact, the only step appellant took toward compliance with the rules was to finally serve the complaint on respondents, and even that was not done until one day before the date appellant thought was set for the continued hearing. This appears to have been one more attempt by appellant to "help itself" to a continuance, despite the court's use of sanctions to obtain compliance with the rules. The ineffectiveness of the previous sanctions is further demonstrated by appellant's counsel's failure to pay the $300 within 30 days as ordered by the court, or even by the date counsel calendared for the continued hearing.

Appellant's violations of local rules and orders of the court were numerous: (1) failure to serve the complaint within 60 days of filing; (2) failure to file a notice of related case at any time; (3) failure to file an at-issue memorandum within 140 days of filing or to seek an extension of time in which to do so; (4) failure to file the at-issue memorandum within the extended time or to seek a further extension; (5) failure to take significant steps to prosecute the action within the time periods set forth in the local delay reduction rules beyond belated service of the complaint; and (6) failure to pay sanctions to the court within the time ordered. As the trial judge observed, "Counsel for plaintiff has apparently decided to follow his own set of rules before this court and ignore the Rules of Court as well as this court's orders."

On this record, we conclude that the trial court was within its discretion in concluding that less severe sanctions would not have been effective to

obtain compliance with the local fast track rules, "after taking into account the effect of previous sanctions or previous lack of compliance in the case." (Gov. Code, § 68609, subd. (d).)

## DISPOSITION

The order is affirmed.

Woods (A. M.), P. J., and Goertzen, J., concurred.