[No. B050565. Second Dist., Div. Four. Oct. 12, 1990.]

DOLORES L. COOKS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JORGE CRUZ et al., Real Parties in Interest.

**COUNSEL**

Callahan, McCune & Willis and John J. Tasker for Petitioner.

No appearance for Respondent.

Derik L. Tabone for Real Parties in Interest.

**OPINION**

**THE COURT.**\*— By petition for writ of mandate, a defendant in a personal injury action challenges the trial court's order denying a jury trial due to defense counsel's failure to submit proposed jury instructions within the

---

\* Before Woods (A. M.), P. J., George, J., and Epstein, J.

deadline set by the local "fast-track" rules of court. Petitioner asserts, and respondent and real parties do not deny, that this order was imposed as a sanction because of the failure of petitioner's counsel to submit jury instructions within the time specified by these rules.

This court stayed trial and issued notice to the parties that it was considering the issuance of a peremptory writ in the first instance directing respondent, pursuant to Code of Civil Procedure section 575.2, subdivision (b),[1] to reinstate defendant's jury trial rights and limit imposition of sanctions to defense counsel.

After considering the plenary opposition filed by real party in interest plaintiff, and the reply filed by petitioner, we conclude that respondent clearly abused its discretion and exceeded its jurisdiction under section 575.2, subdivision (b). We grant the peremptory writ.

The underlying personal injury action is a "fast-track" case subject to the Los Angeles Superior Court's Trial Court Delay Reduction Rules, promulgated under authority of Government Code section 68612 and Code of Civil Procedure section 575.1.

Rule 1205(e) of the Los Angeles Superior Court fast-track rules requires parties, when a jury trial has been timely requested, to include proposed jury instructions in the joint issues conference statement. The statement is required to be filed "two court days prior to the Issues Conference."

Rule 1208, entitled "Sanctions", authorizes respondent to impose appropriate sanctions against a party "and/or counsel" for failure to comply with the fast-track rules.

In the underlying action, defendant timely requested a jury trial and posted jury fees. However, the parties' respective counsel subsequently failed to include proposed jury instructions in the joint issues conference statement. At the May 8, 1990, joint issues conference, as a sanction for counsel's omission, respondent sua sponte ordered defendant's jury request stricken and ordered a nonjury trial.

Defendant, on shortened notice, promptly filed a "Motion to Restore Demand for Jury Trial [etc.]," which was in substance a motion for relief from default pursuant to section 473. The motion urged that inadvertent omission by counsel was good cause for relief. The record shows defendant

---

[1] All further statutory references are to the Code of Civil Procedure Code unless otherwise specified.

was in no way personally responsible for the jury-instruction omission. The motion included the proposed jury instructions, consisting exclusively of standard BAJI jury instructions commonly given in automobile negligence cases.

The motion was denied on May 15 and defendant filed the instant petition for mandate.

Section 575.2, subdivision (b), explicitly provides an exception to the sanctions authorized by section 575.1 for failure to obey local court rules. The exception is stated as follows: "It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

■ We construe this language to mean that any sanction imposed shall be only upon counsel, not the innocent party, and that such sanction upon counsel shall not adversely affect the party's cause of action or defense thereto. In view of the manifest protective purpose of the exception, this construction is far more reasonable than an alternative, less protective, reading permitting sanctions against the innocent party so long as they do not adversely affect that innocent party's cause of action or defense thereto. (Accord: *State of California* ex rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018, 1026, 1028-1029 [228 Cal.Rptr. 576] [discussing explicit legislative history compelling this construction].)

Cases have held section 575.2, subdivision (b) applicable both to fast-track local rules and other local rules, promulgated pursuant to section 575.1, affecting supervision and management of actions.

The most recent case, *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 502-503 [256 Cal.Rptr. 296], reversed a dismissal sanction imposed against a plaintiff for failure of plaintiff's counsel to timely file a joint-issue memorandum or other paper satisfying the San Diego Superior Court's local fast-track rules. *Moyal* holds the fast-track rules are subject to the section 575.2, subdivision (b) protective exception. It concludes that the provision was violated by imposition of the dismissal sanction without a prior evidentiary hearing determining that the procedural omission was, in fact, attributable to the personal acts or omissions of plaintiff, as opposed to her counsel.

*Moyal* v. *Lanphear, supra*, 208 Cal.App.3d at page 502, follows the earlier holding of Division 3 of this court in *State of California* ex rel. *Public Works Bd.* v. *Bragg, supra*, 183 Cal.App.3d at pages 1028-1029. *Bragg* invalidated the imposition of issue sanctions against a party for the failure

of counsel to provide opposing parties with a real property appraisal report and expert witness lists within local-rule deadlines. The party was in no manner responsible for the omissions of its counsel. *Bragg* holds that trial courts have the sua sponte duty to invoke section 575.2, subdivision (b), in the absence of a party's assertion thereof. This duty serves the protective purpose of the statute and recognizes that section 575.2, subdivision (b) is an intended legislative exception to the general rule that negligence of an attorney is imputed to the client.

Real party contends that section 575.2, subdivision (b), is not violated here because the denial of a jury trial does not "adversely affect the party's cause of action or defense thereto" within the meaning of that statute.

We reject this contention because we have construed section 575.2, subdivision (b), to proscribe any sanction against an innocent party for local rule violations of counsel and to proscribe sanctions against counsel that adversely affect the party's cause of action or defense thereto. Thus, the qualification that sanctions have no adverse effect upon the party is inapplicable here, as no appropriate sanction against counsel was imposed.

Moreover, were our construction of the statue in conformity with real party's suggestion, we would hold that denial of a jury trial as a sanction does "adversely affect the party's cause of action or defense thereto."

The right of a civil litigant to a jury trial is a constitutional right. (Cal. Const., art. I, § 16.) "Trial by jury is an inviolate right and shall be secured to all, . . ." (*Ibid.*) A party's timely request for jury trial and posting of fees evidences that party's belief that a jury determination of disputed fact issues is beneficial to the prosecution or defense of the action. The party best knows his trial strategy and the strengths and weaknesses of his case. Short of conducting both a jury and a nonjury trial in a single action, there is no means to definitively refute that a jury trial would yield the party a better result than a nonjury trial. We conclude that, in this context, denial of a jury trial must be presumed to affect adversely defendant's defense to the action.

■ Finally, real party also argues that the failure to submit jury instructions within the specified time effected a waiver of the right to jury trial. Waiver of this constitutional right may be accomplished by any of the means specified in Code of Civil Procedure section 631. Those methods are exclusive. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 102, p. 100.)

## Conclusion

Let a peremptory writ of mandate issue directing respondent to vacate its orders of May 8 and May 15, 1990, striking defendant's jury request and

denying her motion to reinstate her demand for jury trial, respectively, and thereafter make a new and different order reinstating the demand for jury trial and setting the underlying action for jury trial. The temporary stay of court trial, issued by this court on June 11, 1990, shall remain in effect until this decision becomes final as to this court.