[No. B065502. Second Dist., Div. Seven. June 15, 1993.]

JOE A. COHILL, Plaintiff and Appellant, v.
NATIONWIDE AUTO SERVICE et al., Defendants and Respondents.

**COUNSEL**

John B. Mestad for Plaintiff and Appellant.

Jones, Mahoney & Brayton, Paul M. Mahoney, Richard A. Soll, Saxon, Alt, Dean, Mason, Brewer & Kincannon, Williams, Berges & Sanford and Thomas C. Sanford for Defendants and Respondents.

OPINION

**WOODS (Fred), J.**—The dispositive issue on this appeal is whether the trial court denied plaintiff-appellant his right to a jury trial. We conclude it did and reverse the judgment.

### PROCEDURAL BACKGROUND

We need not again fully recount the procedural history of this matter. On February 20, 1991, in an unpublished opinion (*Cohill* v. *Nationwide Auto Service Inc.,* B044848) we provided that history.

It suffices to state that in 1978 Joe A. Cohill (plaintiff and appellant) obtained an automobile loan from San Diego Navy Federal Credit Union (defendant, respondent, and Credit Union). In 1982, when his payments were delinquent, Credit Union hired Nationwide Auto Service (defendant, respondent, and Nationwide) to repossess the automobile from Mr. Cohill's secured underground garage. In 1984 Mr. Cohill brought the instant action against respondents. In 1989 the trial court dismissed the action for failure to bring it to trial within five years. On appeal, we reversed the order of dismissal and directed the superior court "to give the matter priority and set the case for trial at the earliest possible date." The remittitur was filed June 13, 1991. On November 21, 1991, the superior court notified the parties[1] the "matter is set for a 4 day, *non-jury* trial, on February 10, *1991.*" (Italics added.)

Counsel for Nationwide promptly wrote to the court[2] and after calling attention to the errant "February 10, *1991*" trial date, stated: "Also, I am enclosing a copy of our Demand for Jury Trial which was filed in this action. We will post the appropriate fees for jury trial in a timely manner. Please re-set this matter for a jury trial." Copies of this December 2, 1991, letter were sent to all other counsel.

Two days later, on December 4, 1991, appellant's counsel also wrote to the superior court. He stated: "The order . . . sets the matter for a non-jury

---

[1]The minute order was mailed to all parties.

[2]We reject Credit Union's assertion that this letter and appellant's December 4, 1991, letter are not properly part of the record on appeal because not "filed or lodged" with the clerk of the superior court. (Cal. Rules of Court, rule 4.5.) Appellant properly designated both letters in his "Notice to Prepare Clerk's Transcript." (Cal. Rules of Court, rule 5(a).) That each letter is stamped "Copy supplied by Applt." is neither unusual nor disqualifying. The clerk misplaced or lost at least 10 other documents in the instant case, requested copies from defendants/respondents (who had designated them as part of the record on appeal), was not provided copies, and executed certificates regarding missing documents.

We note that Nationwide neither makes this argument nor denies mailing the December 2, 1991, letter to the superior court. Further, we note that Credit Union does not claim it failed to receive copies of each letter the other parties mailed to the superior court.

trial. This is incorrect as early in this matter, the defendants requested a jury trial. Should the defendant now wish to withdraw their request for a jury trial, the plaintiff would request the jury. [¶] It is respectfully requested that . . . the matter be set for jury trial." Copies of this letter were mailed to respondents.

On December 26, 1991, the superior court corrected its November 21, 1991, minute order, now accurately stating the trial date as "February 10, 1992." But it otherwise ignored the letters from plaintiff and Nationwide and repeated that the matter is set for a 4 day "non-jury trial." Copies of the "corrected" minute order were mailed to all parties.

On February 10, 1992, all parties reported to the master calendar court in Torrance, department A (Superior Court Judge Douglas A. McKee). During the colloquy between counsel and the court, appellant's counsel informed the court: "The case set for today is a court trial and the demand has been made for a jury trial by the defendant and if the defendant withdraws it, I'll make a demand for the jury trial." The court said "Too late," indicated "I'm going to send you out for trial," asked for a time estimate, and when told "two hours"[3] by counsel for Credit Union ordered "send it to Judge Beverly."

Later that same morning Judge Beverly told the parties they had been sent to his court "for trial on a 2-hour estimate court trial." Appellant's counsel protested, stating "Well, I'm going to object to that because, number one, there is a demand for jury trial in this matter and—." The trial court interrupted the objection, indicating "Whatever has been ruled on in Department A, those rulings will stand. So I'll just ask you to keep that in mind."

Thereafter, there was a nonjury trial with judgment for defendants. This appeal followed.

## DISCUSSION

A civil litigant has "an inviolate right" to a jury trial, a right insured by the California Constitution. (Cal. Const., art. I, § 16.)

■ "The right to trial by jury is a basic and fundamental part of our system of jurisprudence. . . . As such, it should be zealously guarded by the courts . . . . In case of doubt therefore, the issue should be resolved in favor of preserving a litigant's right to trial by jury." (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604], internal citations omitted.)

---

[3]The court had set the matter for a *four-day* nonjury trial.

■ Code of Civil Procedure[4] section 631[5] specifies the ways a jury trial may be waived. Those specified ways are exclusive. (*Cooks* v. *Superior Court* (1990) 224 Cal.App.3d 723, 727 [274 Cal.Rptr. 113].) There "can be no waiver by implication." (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 102, p. 100.) And "[n]o waiver results from going to trial after the erroneous denial of a jury, if the party makes a proper objection." (*Id.* at p. 101.) Denial of the right to a jury trial is reversible error. (*Robinson* v. *Puls* (1946) 28 Cal.2d 664, 667 [171 P.2d 430]; *Cooks* v. *Superior Court, supra,* 224 Cal.App.3d 723, 727; *DeCastro* v. *Rowe* (1963) 223 Cal.App.2d 547, 563 [36 Cal.Rptr. 53]; 7 Witkin, Cal. Procedure, *supra,* Trial, § 85, p. 86.)

Prior to a 1941 amendment of section 631 "where one party set the case for trial and demanded a jury, but the adverse party relying on such demand, neither demanded a jury himself nor deposited jury fees, such adversary

---

[4]Statutory references, unless otherwise noted, are to the Code of Civil Procedure.

[5]The section reads:

"(a) Trial by jury may be waived by the several parties to an issue of fact in any of the following ways:

"(1) By failing to appear at the trial.

"(2) By written consent filed with the clerk or judge.

"(3) By oral consent, in open court, entered in the minutes or docket.

"(4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation, or within five days after notice of setting if it is set without notice or stipulation.

"(5) By failing to deposit with the clerk, or judge, advance jury fees 25 days prior to the date set for trial, except in unlawful detainer actions where the fees shall be deposited at least five days prior to the date set for trial, or as provided by subdivision (b). The advanced jury fee shall not exceed the amount necessary to pay the average mileage and fees of 20 trial jurors for one day in the court to which the jurors are summoned.

"(6) By failing to deposit with the clerk or judge, promptly after the impanelment of the jury, a sum equal to the mileage or transportation (if any be allowed by law) of the jury accrued up to that time.

"(7) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session a sum equal to one day's fees of the jury, and the mileage or transportation, if any.

"(b) In a superior court action if a jury is demanded by either party in the memorandum to set the cause for trial and the party, prior to trial, by announcement or by operation of law waives a trial by jury, then all adverse parties shall have five days following the receipt of notice of the waiver to file and serve a demand for a trial by jury and to deposit any advance jury fees which are then due.

"(c) When the party who has demanded trial by jury either waives such trial upon or after the assignment for trial to a specific department of the court, or upon or after the commencement of the trial, or fails to deposit the fees as provided in paragraph (6) of subdivision (a), trial by jury shall be waived by the other party either failing promptly to demand trial by jury before the judge in whose department the waiver, other than for the failure to deposit such fees, was made, or by that party's failing promptly to deposit the fees provided, in paragraph (6) of subdivision (a).

"(d) The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."

party upon the waiver of a jury by the demanding party, was deemed to have lost his right to a jury trial. [Citations.] The 1941 amendment . . . eliminated such a harsh rule. Its purpose and philosophy was to permit a party to rely on another party's demand and deposit of fees." (*DeCastro* v. *Rowe*, *supra*, 223 Cal.App.2d 547, 561.) The "purpose and philosophy" of this ameliorative amendment is now reflected by subdivisions (b), (c), and (d). (See fn. 5.)

■ Credit Union argues that appellant waived jury "[b]y failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice. . . ." (§ 631, subd. (a)(4).) Credit Union is mistaken.

On November 21, 1991, and again on December 26, 1991, the court gave notice the trial was set for February 10, 1992. Nationwide, by its December 2d letter—70 days prior to the February 10, 1992, trial date—timely "announced that a jury is required" (§ 631, subd. (a)(4)). Appellant was permitted "to rely on [Nationwide's] demand . . . ." (*DeCastro* v. *Rowe*, *supra*, 223 Cal.App.2d at p. 561.) Moreover, appellant by his own December 4th letter made explicit his request for a jury trial. We conclude that appellant did not waive his right to a jury trial by means of section 631, subdivision (a)(4).

Nor was there a section 631, subdivision (a)(5) waiver for failure to timely deposit jury fees. We note that in its December 2, 1991, letter Nationwide stated: "We will post the appropriate fees for jury trial in a timely manner." Credit Union makes no claim such fees were not posted. Nationwide, which also makes no such claim, clearly implies it *did* timely post jury fees by its assertion that "at the time of the court trial, NATIONWIDE chose not to assert its right to a jury trial and waived jury."[6] Under such circumstances, jury fees having been posted by Nationwide, appellant had no duty to post them and did not waive jury by not doing so.

We hold[7] that on February 10, 1992, when appellant appeared for trial, he had not waived his right to a jury trial. The master calendar court erred when it ruled "Too late." That ruling improperly denied appellant his right to a jury trial.

We need not consider appellant's additional remedies under section 631, subdivision (b).

---

[6]This silent, uncommunicated "choice" did not effect a section 631 waiver under subdivision (a)(1) or (2) or (3). Nor was it an "announcement" within the meaning of section 631, subdivision (b).

[7]This holding makes it unnecessary to consider other contentions by appellant.

## DISPOSITION

The judgment is reversed. The superior court is directed to give the matter priority and set the case for trial at the earliest possible date. (See *Moran v. Superior Court* (1983) 35 Cal.3d 229, 242 [197 Cal.Rptr. 546, 673 P.2d 216].) The five-year statutory period (§ 583.310) is tolled until the new trial date.

Costs on appeal are awarded to appellant.

Lillie, P. J., and Johnson, J., concurred.