Filed 5/6/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

JOSEPH AMATO,

    Plaintiff and Appellant,

v.

STEVE DOWNS et al.,

    Defendant and Respondent.

E075421

(Super.Ct.No. PSC1701800)

OPINION

APPEAL from the Superior Court of Riverside County. Ronald Taylor, Judge. (Retired judge of the Riverside County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed.

Law Offices of Joseph Amato and Joseph Amato; Weinstein Legal and Henry G. Weinstein; Schlecht, Shevlin & Shoenberger and Ulrich R. McNulty for Plaintiff and Appellant.

Keathley & Keathley, H. James Keathley and Katherine D. Keathley for Defendants and Respondents.

Plaintiff and appellant Joseph Amato sold a house at a price that he now contends was much less than the property was worth. He sued the broker who listed the property for him, defendant and respondent Steve Downs, as well as the broker's employer,

1

defendant and respondent Coldwell Banker Residential Brokerage Company (Coldwell Banker). On the day of trial, the court found that Amato had waived his right to a jury trial by failing to comply with a local pretrial procedural rule. It then denied Amato's request that a different judge hear the case due to the trial judge's involvement in pretrial settlement negotiations. After Amato presented his evidence, the court granted a motion for judgment (Code Civ. Proc.[1], § 631.8) in favor of Downs and Coldwell Banker on all of Amato's claims.[2]

Amato contends the judgment should be reversed because he was erroneously deprived of his right to a jury trial. He further argues that the trial judge erred by failing to recuse himself as trier of fact, by dismissing one of Amato's witnesses prior to the conclusion of the witness's testimony, and by granting the defendants' motion for judgment. We hold that the trial court erred in deeming Amato to have waived jury trial, despite his violations of the local rules. We therefore reverse the judgment without deciding Amato's other claims of error.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] The trial court and the parties sometimes use the term "nonsuit" to refer to defendants' motion and the trial court's ruling, but that is not accurate. (See *Ford v. Miller Meat Co.* (1994) 28 Cal.App.4th 1196, 1200 ["[I]n a trial by the court a motion for nonsuit is not recognized. The correct motion is for judgment pursuant to Code of Civil Procedure section 631.8, the purpose of which is to enable the court, after weighing the evidence at the close of the plaintiff's case, to find the plaintiff has failed to sustain the burden of proof, without the need for the defendant to produce evidence"].) The trial court's ruling was in substance a grant of judgment per section 631.8.

2

## I.  BACKGROUND

In 1995, Amato purchased a house in a gated community in Rancho Mirage.  On October 1, 2016, Amato agreed in writing to list the property for sale through Downs for a list price of $775,000.  Amato testified that he believed that the property was worth more, but he relied on Downs's view that the house was in such poor condition that it would be attractive only to investors intending to tear it down and rebuild it.  Downs told Amato that he knew investors who might be interested in buying the property in that condition, and Amato agreed to Downs acting in a dual agency role for the transaction, representing both buyer and seller.

On October 3, 2016, Downs presented Amato with a purchase offer from the eventual buyer, Bruno Lemay.  After a series of counteroffers, Amato and Lemay agreed on a sale price of $750,000.  During escrow, however, Amato concluded that "he had been duped" after an inquiry from Lemay suggested he did not in fact intend to tear down the house.  Amato attempted to cancel the transaction.  Lemay did not agree to do so, however, and Amato rescinded his attempt to cancel escrow; the sale closed in November 2016.

Amato filed this lawsuit in April 2017.  The operative first amended complaint (complaint) asserts five causes of action against Downs and Coldwell Banker:  (1) fraud; (2) breach of fiduciary duty; (3) professional negligence; (4) elder abuse (Amato was about 83 years old in 2016); and (5) recission of contract (specifically, the listing agreement, not the contract for sale of the property).  Amato is an attorney, and he

3

participated in the litigation both as a party and as an attorney, but a second attorney, Henry Weinstein, also appeared on Amato's behalf. In briefing on appeal, Amato describes himself as "lead counsel" and the second attorney as "co-counsel."

After a series of continuances, the matter was set for jury trial in December 2019. At the trial call in the master calendar department on December 13, the trial court inquired whether the parties were ready to proceed to trial; Weinstein answered in the affirmative. The trial court then asked: "You have your trial documents?" Weinstein responded: "We do." Later on the same date, the court assigned the case to another department for trial, which was to begin on December 16, 2019. On December 16, the matter was continued to January 10, 2020, without a hearing. The register of actions describes the reason for the continuance as follows: "Court and counsel held settlement conference/trial."

Just before noon on January 9, 2020, the courtroom assistant for the trial department sent counsel an email noting that trial was scheduled to begin the next day, and stating that the judge "is requesting" that both "[c]ompleted trial binders" and "[o]riginal [t]rial [d]ocuments to be filed" be delivered that afternoon.[3] Amato did not

_____

[3] Downs and Coldwell Banker's April 26, 2021 request that we take judicial notice of a copy of the email sent to counsel by the trial court's courtroom assistant is unopposed, and is granted on that basis. (Cal. Rules of Court, rule 8.54(c).)

In a request for judicial notice filed June 14, 2021, Amato seeks judicial notice of certain documents filed in the trial court but not otherwise included in the appellate record, specifically, a surreply and declaration he submitted in opposition to Downs and Coldwell Banker's postjudgment motion for attorney fees. This is more properly a request to augment the record; we treat it as such, and grant it. (See Cal. Rules of Court,

*[footnote continued on next page]*

4

comply with this instruction; he would later represent to the court that he had been at a doctor's office and did not get the email until late afternoon.

On January 10, 2020, Amato submitted a binder of some documents. The trial court found that submission inadequate under Riverside Superior Court Local Rule 3401 (Rule 3401), which describes certain pretrial rules and procedures. The court deemed Amato to have "waived jury trial" because of the failure to comply with Rule 3401 and ordered the matter to continue as a bench trial after a fifteen minute recess. After the recess, Amato made an oral motion for the judge to recuse himself, based on the judge's participation in a December 16, 2019 settlement conference. Amato emphasized that he had no objection to the judge presiding over a jury trial, but he did not believe it appropriate for the judge to sit as trier of fact. The judge declined to recuse, and the bench trial proceeded.

After Amato's case in chief, Downs and Coldwell Banker moved for judgment in their favor. The trial court granted the motion, and it entered a written judgment reflecting that ruling.

## II. DISCUSSION

The Legislature has authorized each superior court to implement local rules "designed to expedite and facilitate the business of the court," including rules that apply "solely to cases in [a particular] judge's courtroom, or a particular branch or district of a

---

rule 8.155(a)(1)(A).) These documents, however, are irrelevant to our analysis, and will not be further discussed.

5

court." (§ 575.1, subds. (a), (c).) A superior court that adopts such local rules may, "on its own motion," "impose . . . penalties" if "any counsel, a party represented by counsel, or a party if in pro se" fails to comply with them. (§ 575.2, subd. (a).) As such a penalty, the court may "strike out all or any part of any pleading of that party, or, dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose other penalties of a lesser nature as otherwise provided by law...." (*Ibid.*) Nevertheless, "[n]o penalty may be imposed . . . without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed." (*Ibid.*) Additionally, if the failure to comply with the local rules "is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto." (*Id.*, subd. (b); see *Cooks v. Superior Court* (1990) 224 Cal.App.3d 723, 726 ["Cases have held section 575.2, subdivision (b) applicable both to fast-track local rules and other local rules, promulgated pursuant to section 575.1, affecting supervision and management of actions"].)

Rule 3401, entitled "Pre-Trial Rules," applies in most civil matters in Riverside Superior Court, with limited exceptions not applicable here. (Rule 3401(1).) Among other things, Rule 3401 requires parties to exchange certain documents and information at least 14 days before trial, including witness lists, exhibit lists, and statements of undisputed facts and issues of law. (Rule 3401(2).) It also mandates that the parties or their counsel meet at least seven days before trial to conduct an "Issues Conference," where the parties or their counsel must discuss certain specified matters. (Rule 3401(3).)

6

After the issues conference, the parties are required to cooperate in the preparation of several joint documents, including a joint pretrial statement, joint witness and exhibit lists, a packet of jury instructions, and an agreed upon verdict form, and the rule provides instructions on how to handle circumstances where there is disagreement. (Rule 3401(4)(a), (b), & (c).) The joint documents all must be "signed by lead trial counsel for each party" or by a party who is self-represented. (Rule 3401(4)(a); see Rule 3401(1)(c) ["References to 'counsel' also include self-represented parties"].) Absent an agreement between the parties, the joint documents "shall be prepared by counsel for the plaintiff." (Rule 3401(4)(a).) Rule 3401 cites to and echoes the language of section 575.2 in describing penalties for noncompliance: "Parties or their counsel who fail to comply with any portion of this rule without good cause are subject to sanctions, including but not limited to orders striking all or part of that party's pleading, dismissing all or part of that party's action, entering a judgment by default against that party, postponing the trial, or imposing monetary, evidentiary, or issue sanctions. Code Civ. Proc., section 575.2." (Rule 3401(11).)

Although "review by way of extraordinary writ is 'normally . . . the better practice,' so as to avoid 'time needlessly expended in a court trial,'" the "denial of a jury trial is 'reviewable on appeal from the judgment.'"[4] (*Monster, LLC v. Superior Court*

---

[4] At oral argument, in taking issue with this statement, Downs and Coldwell Banker emphasized *TriCoast Builders, Inc. v. Fonnegra* (2022) 74 Cal.App.5th 239 (*TriCoast Builders*). That case involved an appeal challenging the denial of relief from jury waiver by one of the statutory means, failure to timely deposit jury fees, and not a denial of the right to jury trial "'in the first instance,'" as occurred here. (*Id.* at pp. 242,

*[footnote continued on next page]*

(2017) 12 Cal.App.5th 1214, 1224.) We would review any dispute regarding the trial court's factual findings under the deferential substantial evidence standard. (*Conservatorship of Becerra* (2009) 175 Cal.App.4th 1474, 1481-1482.) Here, however, the material facts are undisputed, so we review de novo whether the statutory prerequisites for imposing sanctions were met. (*Id.* at p. 1481.) Whether Amato's violation of the local rules was a lawful ground to deprive him of the right to jury trial is also a legal issue, reviewed de novo. (*Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2001) 24 Cal.4th 830, 836.)

The record amply supports the trial court's conclusion that Amato failed to comply with Rule 3401's requirements regarding preparation of joint documents. On the trial date, Amato submitted to the trial court a binder of some materials, and there had been some exchange of documents between the parties. Defense counsel, however, had not seen or signed off on any of the documents Amato submitted. (See Rule 3401(4)(a).) Thus, Amato did not satisfy Rule 3401 regarding preparation of joint documents. The responsibility for this failure is Amato's, since there was no agreement between the parties to change the default set by Rule 3401 that the joint trial documents are to be prepared by "counsel for the plaintiff" after conducting the required issues conference with opposing counsel. (Rule 3401(4)(a).)

Amato takes issue with the trial court's expectation that the documents described in Rule 3401, plus some other case documents, were to be submitted in the form of a

246.) As stated in *TriCoast Builders*, "[t]he two circumstances are not the same." (*Id.* at p. 246.)

"trial binder," which is not described in Rule 3401. It is undisputed, however, that the trial court provided Amato with a copy of the Riverside Superior Court's "Local Rule 3401 Binder Guidelines" (also available on the court's website) at the December 13, 2019 trial call. Moreover, although the trial court expressed its ruling in terms of the lack of a "trial binder," the primary issue was not the binder's format, but rather the substantive lack of joint documents required by Rule 3401: "[P]laintiff has failed to comply with Local Rule 3401 by not presenting to the Court a trial binder *that has been reviewed with the defense* in this matter. That's Local Rule 3401; therefore, at this time I deem that the plaintiff's failure to comply with the Local Rule requiring to have submitted a trial binder *that's been agreed upon by both sides* to the Court on the day set for trial, which is today, then that means that you've waived jury trial by your failure to comply with that rule." (Italics added.)

Amato emphasizes in briefing that the trial court expected trial documents to be filed in advance of trial even though Rule 3401 requires them to be "filed on the first day of trial in the department to which the case has been assigned." (Rule 3401(9)(a).) It may indeed be that this expectation was not warranted. Under the Riverside Superior Court's current procedures for civil cases, there is often a trial setting order that deviates from Rule 3401, requiring trial documents to be delivered directly to the clerk of the department where the trial is to be conducted (rather than filed) at least 48 hours before

9

trial is to begin.[5]  Our record, however, does not show such a trial setting order entered in this case; the initial trial setting conference took place in June 2018, before Riverside Superior Court adopted its current civil master calendar system and current set of pretrial procedures.

Nevertheless, the fact remains that even on the first day of trial, Amato still did not have the documents required by Rule 3401 completed and ready to file or otherwise submit.  Moreover, the pretrial procedures adopted by Riverside Superior Court's civil master calendar department require that the documents specified in Rule 3401 already be prepared and brought to the trial call.[6]  (See § 575.1, subds. (a), (c) [enforceable local

---

[5]  The pretrial procedures adopted by Riverside Superior Court's civil master calendar department include the information that, at the conclusion of the trial setting conference, the court "will issue a Trial Setting Order."  ("Case Management Procedures in Department 1," available at https://www.riverside.courts.ca.gov/Divisions/Civil/Dept1PretrialProcedures.pdf (last viewed 1/3/2022), at p. 10 (Section H(5).)  The procedures note that a "sample" trial setting order is available on the court's website.  (*Id.* at Section G(12).)  That sample order provides in relevant part as follows:  "Contrary to subdivision 9.a. of RSC Local Rule 3401, all documents required by subdivision 9 of that rule to be filed on the date of trial, including all exhibits, shall instead be delivered directly to the clerk of this department no later than 48 hours before the day and time on which the trial is scheduled to begin. [...]  All such documents shall be complete, fully executed, copied, and ready to be handed to the trial judge."  ("Department 1 Sample Trial Setting Order," available at https://www.riverside.courts.ca.gov/Divisions/Civil/Dept1TrialSettingOrder.pdf (last viewed 1/3/2022), at p. 3 (Section D.3).)

[6]  See "Case Management Procedures in Department 1," available at https://www.riverside.courts.ca.gov/Divisions/Civil/Dept1PretrialProcedures.pdf (last viewed 1/3/2022), at p. 10 (Section H.5) ["Except for non-jury unlawful detainer trials and non-jury trials estimated to take five hours or less, all parties must comply with Riverside Superior Court Local Rule 3401, and must bring the documents specified in § 9.b. of that rule on the day of the trial call.  There will be no other exceptions"].

10

rules include not only rules adopted for an entire superior court, but also rules for individual courtrooms or a branch or district of a court].)  Thus, Amato should have had those documents available by December 13, 2019, and on that date he (through Weinstein) represented that he had the documents with him.  Instead, the documents were still not completed even on January 10, 2020, almost a month later.

We conclude that Amato is simply incorrect that he "complied with Local Rule 3401 by submitting the trial binder to the trial department" on January 10, 2020.  Even if the submission were timely, its contents were deficient because he failed to provide defense counsel an opportunity to review and sign them.  (Rule 3401(4)(a).)  We turn, then, to whether the trial court's sanction for Amato's noncompliance with Rule 3401 was appropriate.  In this regard, we have several concerns that lead us to the conclusion that the trial court erred and the judgment must be reversed.

First, a trial court may impose sanctions for violating local rules, but "[n]o penalty may be imposed . . . without prior notice to, and an opportunity to be heard by, the party against whom the penalty is sought to be imposed."  (§ 575.2, subd. (a).)  Here, on January 10, 2020, the trial court first announced that Amato was in violation of Rule 3401, ruled that he had thereby "waived jury trial" and the matter would proceed as a court trial, and then gave him only "an opportunity to say anything you want for the record."  That is not prior notice and an opportunity to be heard, either as to whether a rules violation occurred or as to the appropriate penalty.  If he had been permitted notice and opportunity to be heard, among the arguments Amato may have been able to make

11

was that sanctions should not be to the detriment of his case when the violation was in part Weinstein's responsibility. (§ 575.2, subd. (b).) He also would have had an opportunity to marshal legal authority in support of the proposition that denial of his right to a jury trial was not the appropriate penalty for any failure to abide by the local rules.

This brings us to our second concern about the trial court's ruling: The trial court lacked the authority to deem Amato's violation of Rule 3401 a waiver of Amato's right to trial by jury. The California Constitution provides that in civil matters the "inviolate right" of trial by jury "may be waived by the consent of the parties expressed *as prescribed by statute*." (Cal. Const., Art. I, § 16 (italics added).) The statute governing civil jury waivers is section 631, subdivision (f), which states: "A party waives trial by jury in any of the following ways: [¶] (1) By failing to appear at the trial. [¶] (2) By written consent filed with the clerk or judge. [¶] (3) By oral consent, in open court, entered in the minutes. [¶] (4) By failing to announce that a jury is required, at the time the cause is first set for trial, if it is set upon notice or stipulation. [¶] (5) By failing to timely pay the fee described in subdivision (b) unless another party on the same side of the case has paid that fee. [¶] (6) By failing to deposit with the clerk or judge, at the beginning of the second and each succeeding day's session, [jury fees]." The methods of waiver specified in section 631 are "exclusive." (*Cooks v. Superior Court* (1990) 224 Cal.App.3d 723, 727 (*Cooks*).) Thus, there is no merit to the suggestion of Downs and Coldwell Banker that waiver of the right to jury trial comes within the catchall language of section 575.2, describing the sanctions available for violations of local rules as

12

"including but not limited to" specified penalties. Similarly, the trial court's power to "impose sanctions authorized by law," described in Government Code section 68608, subdivision (b), does not expand section 631's list of actions or failures to act that may constitute waiver of the right to trial by jury. "It has been repeatedly held that trial by jury may be waived only in the manner designated by . . . section 631." (*De Castro v. Rowe* (1963) 223 Cal.App.2d 547, 552; see also *Turlock Golf & Country Club v. Superior Court* (1966) 240 Cal.App.2d 693, 700 ["the Legislature pursuant to constitutional authorization has prescribed the conditions under which a jury may be waived, and . . . the local courts have no power to adopt or enforce rules at variance with those of the state"].)

Failure to prepare trial documents in accordance with local rules does not fall within any of the means of waiver specified in section 631. (See *Cooks*, *supra*, 224 Cal.App.3d at p. 727 [improper to strike jury request based on party's failure to prepare proposed jury instructions]; *Chen v. Lin* (2019) 42 Cal.App.5th Supp. 12, 18 (*Chen*) ["The words of the statute are crystal clear on the present issue. Nothing in section 631 of the Code of Civil Procedure alludes to a party's failure to prepare for trial as a proper basis for finding a waiver of the right to a jury trial"].) Thus, the trial court's ruling, deeming Amato to have waived his right to jury trial by his failure to comply with the requirements of Rule 3401, was "in excess of the court's jurisdiction and is reversible error per se." (*Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 863.)

13

Downs and Coldwell Banker argue that the error was harmless, based on Amato's failure to survive a motion for judgment. Their idea is that any improper denial of Amato's right to jury trial could have made no difference because "the case never would be submitted to the jury for a determination due to Amato's failure of proof." This argument, however, is inconsistent with longstanding authority. As early as the 19th Century, our Supreme Court rejected the idea that a reviewing court should examine the strength of the evidence produced at a bench trial following erroneous denial of the right to jury trial, instead of simply reversing and remanding for a jury trial to be conducted. (*In re Estate of Robinson* (1895) 106 Cal.493, 496 [trial court erred in refusing petitioners' jury demand, and "[a]s this was a right conferred upon them by statute, they did not waive it by subsequently going to trial under the order of the court, or by their failure to present evidence sufficient to secure a judgment in their favor"].) The Court of Appeal, too, has long held that "the denial of the right to trial by jury to a party entitled thereto is, in itself, a miscarriage of justice," and declined to require any further showing of prejudice by the aggrieved party. (*Farrell v. City of Ontario* (1919) 39 Cal.App.351, 359.) More recent authority is in accord. (E.g., *Mackovska v. Viewcrest Road Properties, LLC* (2019) 40 Cal.App.5th 1, 16 ["Concluding that the erroneous denial of the right to a jury trial in this case is reversible per se comports with both the inviolate nature of the right to a jury trial [citations] and the revocability of jury trial waivers under section 631 [citations]"]; *Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, 493 ["Denial of the right to a jury trial is

14

reversible error per se, and no showing of prejudice is required of a party who lost at trial"]; *Boal v. Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 810 ["Since improper denial of jury trial is per se prejudicial, the judgment must be, and is, reversed"]; *Chen*, *supra*, 42 Cal.App.5th Supp. at p. 19 ["The evidence presented at trial is irrelevant to whether defendant was prejudiced by the court's error. Stripping a party of the right to trial by jury is reversible error per se"].)

Downs and Coldwell Banker suggest that we should conclude Amato is not and never was, in fact, a party entitled to a jury trial, based on their contention that the evidence admitted during the bench trial was insufficient to sustain his claims as a matter of law. Consistent with the authority cited above, we find it inappropriate to look to the record of a court trial conducted in excess of the trial court's jurisdiction as post hoc justification for an earlier, erroneous decision to deny a party a jury trial. Downs and Coldwell Banker have not cited any case law taking such an approach, and we are aware of none. The correct analysis is straightforward: Amato demanded a jury trial of his claims in the appropriate manner, his claims survived a pretrial motion for summary adjudication, and his claims are of the sort routinely tried to a jury absent a waiver. Thus, as of January 10, 2020, Amato had the right to a jury trial on his claims. The trial court's denial of that right was erroneous, so reversal is required.

Because we are reversing, we need not address Amato's other arguments. The trial court may address anew on remand the parties' disputes regarding admission of evidence or the sufficiency of the evidence, if they arise. We express no opinion

15

regarding Amato's contention that the previous trial judge should have been disqualified from sitting as the trier of fact in the matter, as the issue is moot.

### III.  DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.  On remand, the trial court may reconsider the issue of whether Amato or Weinstein engaged in sanctionable conduct and exercise its discretion to impose an appropriate, alternative sanction if it deems such a sanction is warranted. Amato is awarded costs on appeal.

CERTIFIED FOR PUBLICATION

RAPHAEL _____
                                                                                            J.

We concur:

RAMIREZ _____
                            P. J.

FIELDS _____
                            J.

16